IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 11-0088-KD |
| LARRY DAVIS | : | |

## ORDER

This cause is before the undersigned on the defendant's motion for revocation or amendment of detention order (Doc. 12) and the government's response in opposition (Doc. 15).[1] In his motion for revocation or amendment, defendant seeks an evidentiary hearing and this Court's review of the detention hearing and oral finding of detention made by United States Magistrate Judge Donald G. Wilkerson in the Southern District of Illinois on May 20, 2011 based upon his lack of "adequate understanding of the requirements of the Bail Reform Act as it relates to the rebuttable presumption contained in 18 U.S.C. § 3145(e)." (Doc. 12, at 1; *see also id.* at ¶ 4 ("The Defendant intends to present at the evidentiary hearing clear and convincing evidence that there are conditions or [a] combination[] of conditions which exist which would reasonably assure the safety of any other person and the community.").) In its response in opposition, the government takes the position that any review of the detention order

---

[1] The government's motion for extension of time to file its response (Doc. 16) is **GRANTED**.

1

previously entered should be by a district judge, not the undersigned. (*See* Doc. 15, at 1-2 & 3.) However, the government also parenthetically argues that the evidence, as it now stands, supports the presumption and the detention order entered by Judge Wilkerson. (*See id*. at 2-3.)

On March 24, 2011, the defendant was indicted in this Court and charged with one count of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846[2] and one count of attempting to unlawfully possess with intent to distribute 40 pounds of marijuana in violation of 21 U.S.C. § 846. (*See* Doc. 1.) A warrant for Davis' arrest was issued on April 4, 2011 (Doc. 5) and, on or about May 17, 2011, the defendant was arrested in the Southern District of Illinois (*compare* Doc. 10 *with* Docket Sheet Entry for May 17, 2011). Davis made his initial appearance in the Southern District of Illinois on May 17, 2011; he waived the identity hearing and the parties agreed to a three-day continuance of the detention hearing. (*See* Doc. 10.) A detention hearing was conducted in the Southern District of Illinois on May 20, 2011, by consent of the parties (*see* Doc. 15, Detention Hearing Transcript, at 2-3 (the attorneys' statements of agreement with the Magistrate Judge's assessment that Davis decided to have his detention hearing in the Southern District of Illinois)). The parties

---

[2] 21 U.S.C. § 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 841(b)(1)(B)(vii), in turn, provides that "[i]n the case of a violation of subsection (a) of this section involving—100 kilograms or more of a mixture or substance containing a detectable amount of marijuana . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years[.]"

proceeded by proffer (*see id*. at 3, 6-7, 8, 10 & 10-11) and, following those proffers, Magistrate Judge Donald G. Wilkerson made the following findings:

> These are very, very serious charges against you out of the Southern District of Alabama. And the Government is absolutely correct on the fact that this is a presumption case. And what that means is the law presumes that I ought to detain you unless you can – the ball starts on your side of the court, it's up to you to move the ball, push the Government's ball off of you is basically what the law is in this case.
>
> I agree with Mr. Smith, I don't think you're a risk of flight. You seem to have a lot of roots here. You . . . got a family, you got a wife, you have children. But I'm . . . troubled by the allegations against you. Mr. Smith tells me that the weight of the evidence against you is strong, that people are cooperating against you. That while the allegations were – when you were supposed to be involved in this conspiracy, at least at some time, according to the Government's proffer, you were on bond here for some charge here in St. Clair County. The fact that you are not employed. . . .
>
> What I find is you have a stable home life, but that may say more about the family than you. I mean I don't know. I don't know. I'm going to make a finding that you have not rebutted the presumption. I just don't know of anything here that rebuts this presumption.[3] And I think I'm required to make that finding. So I'm going to make a finding that there is no condition or combination of conditions that will reasonably assure the safety of any person or the community. And I'm going to order you detained and removed to Southern Alabama.

(*Id.* at 12-13 (footnote added).)

Magistrate Judge Wilkerson correctly found this case to be a "presumption case." In other words, where, as here, "there is probable cause to believe that the defendant

---

[3] By way of proffer, counsel for the Davis advised the court that the defendant was married and had stable ties to the community through his wife, children, and sisters; that he was a stay-at-home dad while his wife worked; that he was actively involved in the affairs of his church which also runs a school his children attend; that he has no felony convictions; and his mental condition was being treated by medication and monthly visits to his doctor. (*See id.* at 10-11.)

3

committed a charged offense which is punishable under the Controlled Substances Act by a penalty of 10 years or more, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community." *United States v. Christie*, 2010 WL 2900371, *3 (D. Hawai'i July 20, 2010) (citations omitted). The Grand Jury's return of an indictment in this case charging Davis, *inter alia,* with conspiracy to possess with intent to distribute 100 kilograms of marijuana establishes probable cause to believe that Davis committed a drug offense for which the Controlled Substances Act specifies a penalty of ten years or more[4] thereby triggering the statutory presumption. *Compare Christie, supra,* at *3 n.6 ("A federal grand jury's return of an indictment, based upon probable cause, will independently trigger the Act's rebuttable presumption. . . . Defendant stands charged in the Indictment with three counts of marijuana trafficking offenses, each of which, if he is convicted, carry a statutory penalty under the Controlled Substances Act of 5-40 years imprisonment.") *with United States v. Troncoza*, 2011 WL 65872, *2 (D.Ariz. Jan. 10, 2011) ("The return of an indictment for the charge [of, for example, possessing with intent to distribute more than 100 kilograms of a mixture or substance containing a detectable amount of marijuana] establishes such probable cause. . . . Thus, the presumption is applicable against Defendant."). More importantly, Judge Wilkerson found that the defendant had not rebutted the presumption and, therefore, ordered him

---

[4] As aforesaid, the charges against Davis carry a statutory penalty under the Controlled Substances Act of 5-40 years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B).

detained.

Larry Davis now asks the undersigned to revoke or amend Judge Wilkerson's order of detention in accordance with 18 U.S.C. § 3145(b) (Doc. 12).

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). This Court's local rules provide that "[w]hen a detention order has been entered by a judge of another district in a criminal action pending in this Court, review of such detention order *pursuant to 18 U.S.C. § 3145(b) shall be conducted by the magistrate judge* in this district to whom the action has been referred or assigned." SD ALA LR 72.5(a)(1) (emphasis supplied). The magistrate judge's order may then be appealed to the district judge. *See* SD ALA LR 72.5(a)(3).

In light of the foregoing, the undersigned **REJECTS** any suggestion by the government that the defendant's motion for revocation or amendment of detention order should be referred, in the first instance, to a district judge as opposed to the undersigned. The local rules make clear that such a motion is to be first addressed to the undersigned and, thereafter, can be addressed on appeal by the assigned district judge.

Turning to the defendant's motion, the undersigned first notes that nowhere does Davis argue that Judge Wilkerson improperly ordered him detained following the proffers made by the government and his appointed counsel at the detention hearing

5

held in Illinois on May 20, 2011. (*See* Doc. 12.) Instead, the defendant simply contends that "he lacked adequate understanding of the requirements of the Bail Reform Act as it relates to the rebuttable presumption" and now can present clear and convincing evidence at another hearing "that there are conditions or [a] combination[] of conditions which exist which would reasonably assure the safety of any other person and the community." (*Id.* at ¶¶ 3-4.)

Based upon the defendant's arguments in his motion for revocation or amendment of detention order, the undersigned finds that he was properly ordered detained by Judge Wilkerson and simply considers whether he is entitled to another hearing to offer additional evidence. The undersigned must broach this issue because 18 U.S.C. § 3142(f)(2) clearly allows the reopening of a detention hearing upon a finding that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." *Id.* Unfortunately, the defendant has not established that the vague statements about information now found pertinent to the issue of detention were not known to him at the time of the detention hearing before Judge Wilkerson on May 20, 2011. Moreover, he has presented no valid excuse for failing to produce such information, with the assistance of counsel, to Judge Wilkerson and has not shown a change in circumstances which would qualify for reopening the hearing. Accordingly, the undersigned **DENIES** the defendant's motion for revocation or amendment of detention order (Doc. 12).

**DONE** and **ORDERED** this the 11th day of July, 2011.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**